The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601-2309
Dear Representative Milum:
You have requested an Attorney General opinion in response to the following questions:
 (1) Under Act 773 of 1999, is it legal for a school district to establish a policy that states: "If a school employee opts to participate in the Teacher Deferred Retirement Option Plan (T-DROP), an amount equal to what would have been the District's required contribution to the Arkansas Teacher Retirement System on behalf of that employee, subject to the receipt of such funds by the local District, will be paid directly to that employee as a fringe benefit for longevity of service."?
 (2) May a school district that is currently making contributions to a tax qualified retirement plan on behalf of an employee who is participating in T-DROP continue to make those contributions if the district was making such contributions prior to February 1, 1999?
 (3) May a school district that is currently making contributions to a tax qualified retirement plan on behalf of an employee who is participating in T-DROP continue to make those contributions if the district was making such contributions prior to February 1, 1999 and if the employee has been provided with a multi-year contract with the district, which was in effect prior to February 1, 1999?
RESPONSE
Question 1 — Under Act 773 of 1999, is it legal for a school district toestablish a policy that states: "If a school employee opts to participatein the Teacher Deferred Retirement Option Plan (T-DROP), an amount equalto what would have been the District's required contribution to theArkansas Teacher Retirement System on behalf of that employee, subject tothe receipt of such funds by the local District, will be paid directly tothat employee as a fringe benefit for longevity of service."?
It is my opinion that the policy you have described would be permissible under Act 773 of 1999.
Act 773 of 1999 states in pertinent part:
 It is the intent of the General Assembly that the employer contribution to the Arkansas Teacher Retirement System that has ceased for a participant in the teacher deferred retirement option plan will become a part of the general operating fund of the school district to be used for any purpose including employee salaries.
Acts 1999, No. 773, § 1 (emphasis added).
Under the unambiguous language of the above-quoted section of Act 773, the employer contribution that formerly would have been paid to the Arkansas Teacher Retirement System can be used for any purpose chosen by the school district. The Act states no limitations on the use of those funds.
However, because payments of this nature probably constitute "fringe benefits," see Op. Att'y Gen. No. 96-153, they should be reflected on the salary schedule that is required to be filed annually with the State Board of Education as a condition for receiving state aid. See A.C.A. §6-20-319(4)(B).
Question 2 — May a school district that is currently making contributionsto a tax qualified retirement plan on behalf of an employee who isparticipating in T-DROP continue to make those contributions if thedistrict was making such contributions prior to February 1, 1999?
It is my opinion that if the school district was making contributions to a tax qualified retirement plan prior to February 1, 1999, pursuant to a contractual obligation to do so, the district may continue to make those contributions under the provisions of Act 773 of 1999.
Act 773 states in pertinent part:
 The school district shall not make contributions to any tax qualified retirement plan on behalf of any employee participating in the deferred retirement option plan. However, this prohibition shall not be applicable to the extent necessary to comply with contractual obligations incurred by a school district prior to February 1, 1999.
Acts 1999, No. 773, § 1 (emphasis added).
The above-quoted language is unambiguous. If, before February 1, 1999, a school district incurred a contractual obligation to make contributions to a tax qualified retirement plan on behalf of employees, it may continue to make such contributions.
Question 3 — May a school district that is currently making contributionsto a tax qualified retirement plan on behalf of an employee who isparticipating in T-DROP continue to make those contributions if thedistrict was making such contributions prior to February 1, 1999 and ifthe employee has been provided with a multi-year contract with thedistrict, which was in effect prior to February 1, 1999?
Yes. It is my opinion that the school district may do so for the reasons stated in response to Question 2. The fact that the employee has been provided with a multi-year contract does not impact the analysis of this issue. Rather, the key factor is whether the contractual obligation under which the district is making the contributions was incurred prior to February 1, 1999.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh